# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AQUARIUS JOHNSON,

       Plaintiff,

v.                                          Case No. 2:25-cv-12668
                                            Hon. Brandy R. McMillion

KARLIE LEWIS, *et al.*,

       Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Aquarius Johnson ("Plaintiff"), who is currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* civil rights Complaint[1] against Defendants Karlie Lewis ("Lewis"), Ben Ruby ("Ruby"), and Kevin Ritchie ("Ritchie") (collectively "Defendants"). Plaintiff's claims concern events that allegedly occurred at the Saginaw Correctional Facility ("Saginaw") in Freeland, Michigan in 2016-17 and 2024. ECF No. 1, PageID.2. Plaintiff also filed an application to proceed without the prepayment of fees (*in forma pauperis*), which the Court granted pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 5. For the reasons described below, the Complaint is **SUMMARILY DISMISSED**.

---

[1] Plaintiff does not identify a jurisdictional basis for his Complaint. Given that he is proceeding *pro se* and sues Defendants identified as former or current state prison officials, the Court construes his Complaint as one brought pursuant to 42 U.S.C. § 1983.

## I.

On or around April 15, 2024, Plaintiff was detained at Saginaw Correctional Facility.  ECF No. 1 at PageID.2.  He alleges that Lewis, also known as "Karlie Redd"— an actress and television personality on the VH1 reality show Love & Hip Hop—was a correctional officer at Saginaw for one day sometime in 2016-17.  *Id*.  During Lewis's single day of employment at Saginaw, Plaintiff and Lewis allegedly had an argument, which was aired on an April 15, 2024 episode of Love and Hip Hop without his consent after Saginaw staff members allegedly leaked the video footage of the argument.  *Id*. at PageID.2-5.  Plaintiff alleges Ritchie and/or Ruby was the warden at Saginaw when the recoding was broadcasted and is thereby suing them in their official capacities.  *Id*. at PageID.5.  Plaintiff seeks $2 million in damages for pain and suffering, invasion of his privacy when the public gained access to the footage, and humiliation on national television.  *Id*. at PageID.2, 6.  Plaintiff also requests the Court subpoena Love and Hiphop for the video footage.  *Id*. at PageID.4.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The

2

Court is similarly required to *sua sponte* dismiss a complaint seeking relief against government entities, officers, and employees if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

While such notice pleading does not require detailed factual allegations, it does require more than bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

(quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

## III.

Despite the liberal pleading standard afforded to *pro se* civil rights plaintiffs, Johnson's complaint is subject to summary dismissal. First, Plaintiff's claims against Ritchie and Ruby fail to allege any facts demonstrating either of their personal involvement in the events giving rise to the complaint. It is well settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and liability cannot be based upon a theory of respondeat superior or

4

vicarious liability.  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (*citing Monell v. Department of Social Svs.*, 436 U.S. 658, 691-692 (1978)); *Mayes v. Michigan Dep't of Corr.*, No. 2:16-CV-10124, 2016 WL 301957, at*2 (E.D. Mich. Jan. 25, 2016) (*citing Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005)) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff fails to allege any facts explaining Ritchie and Ruby's specific actions that violated his rights.  Rather, he merely alleges that one (or both) of them was the warden at the Saginaw in April 2024.[2]  Consequently, Plaintiff's complaint against Ritchie and Ruby must be dismissed.

Second, Plaintiff's complaint lacks an arguable basis in fact.  A complaint lacks an arguable basis in fact when the factual contentions are "clearly baseless" in that they describe "fantastic" or "delusional" scenarios.  *Neitzke*, 490 U.S. at 327-328; *see also Denton*, 504 U.S. at 32-33 (a complaint is factually frivolous if "the facts alleged rise to the level of irrational or wholly incredible"); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Plaintiff's allegations of being recorded in prison in 2016-2017 while arguing with a one-day prison employee who starred in a reality television show and then having that recording broadcast on that reality show in 2024

---

[2] Further, Plaintiff offers no support for his assertion that Ritchie and/or Ruby was the warden at Saginaw in April 2024.  In fact, the Court believes that Adam Douglas ("Douglas") has been the warden at the facility since January 2023.  Even if Plaintiff named Douglas as a defendant, his

falls into such a category.  *See, e.g., Kabbe v. City of San Diego*, 139 F.3d 905, 1998 WL 80375, *1 (9th Cir. 1998) (unpublished) (affirming dismissal of complaint where plaintiff alleged defendants intercepted and broadcast her thoughts); *Lang v. United States*, 188 F.3d 508, 1 (6th Cir. 1999) (dismissing allegations that defendants conspired to intercept plaintiff's thoughts, dreams, and emotions by use of a satellite surveillance system); *Ford v. Harvey*, 106 F. App'x 397, 2 (6th Cir. 2004) (dismissing claims of tampering with the main food supply, not just with plaintiff's own meal). Plaintiff's baseless and delusional allegations must be dismissed.

Third, even if the Court did not find Plaintiff's allegations to be inherently incredible, it would nonetheless find them to be conclusory and unsupported.  It is well-settled that conclusory allegations without material supporting facts are insufficient to state a claim under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009).  Because Plaintiff fails to support his allegations with plausible factual details, he fails to state a claim upon which relief may be granted.

Lastly, or in the alternative, Plaintiff's complaint must be dismissed based upon sovereign immunity.  Plaintiff sues the defendants in their official capacities and seeks monetary damages as relief.  The Eleventh Amendment, however, bars civil rights

---

claims against Douglas would be similarly subject to dismissal.

actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The State of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). The defendants, who are allegedly former or current employees of the State of Michigan, are entitled to Eleventh Amendment immunity. Plaintiff's Complaint, which seeks monetary damages against them in their official capacities, must therefore be dismissed.

**IV.**

For the reasons stated, the Court concludes that Plaintiff's Complaint must be summarily dismissed as frivolous, for failure to state a claim upon which relief may be granted, and/or based upon sovereign immunity.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights Complaint (ECF No. 1).  The Court further concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Bridges v. Blackmon*, 2024 WL 4615351, at *1 (C.A.6, 2024) (unpublished).

***This case is closed and no further pleadings should be filed in this matter.***

**IT IS SO ORDERED**.

Dated: September 8, 2025                               s/Brandy R. McMillion
                                                      BRANDY R. MCMILLION
                                                      U.S. District Judge

8